IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LMI LANDSCAPES, INC., et al., § | |
| § | |
| Plaintiffs, § | |
| § | Civil Action No. 3:25-CV-0664-D |
| VS. § | |
| § | |
| MARJORIE BEAM, et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

In this removed action, plaintiffs[1] move to remand on the ground, *inter alia*, that the notice of removal filed by defendant Appreciation LLC d/b/a Appreciation Insurance & Financial Services ("Appreciation Financial") was untimely. Concluding that the removal was in fact untimely, the court grants plaintiffs' motion and remands this case to Texas state court.

I

On October 10, 2024 plaintiffs sued defendants Marjorie Beam ("Beam"), Appreciation Financial,[2] and ERC Specialists, LLC ("ERC") in Texas state court on tax fraud

---

[1]The individual plaintiffs are LMI Landscapes, Inc., LMI Landscapes, LLC, Freedom Road, LLC, Austin Chiro Joint 1, LLC, Bandera Endeavors, LLC, LarryJackJim, LLC, Shiloh Atlas Ventures 1, LLC, Dom Parmer Partners, LLC, Mad Odie Ventures, LLC, Hutto Chiro, LLC, Thousand Oaks Chiro, LLC, Burdonalena, LLC, Kitty Hawk Joint Clinic, LLC, Chicago Joint Chiropractic PC, Chicago JYNT Chiropractic PC, and Downers Grove Joint Clinic, LLC.

[2]Appreciation Financial contends that it was mistakenly named in plaintiffs' original petition as Appreciation Insurance & Financial Services, LLC.

and related claims. Because Appreciation Financial does not maintain a designated agent in Texas for service of process, plaintiffs effected service on Appreciation Financial by serving the Texas Secretary of State, as permitted under Tex. Civ. Prac. & Rem. Code Ann. §§ 17.044 and 17.045 (West 2015). On November 13, 2024 the Secretary of State forwarded the citation and plaintiffs' original petition to the address listed on Appreciation Financial's website. When Appreciation Financial failed to answer, plaintiffs moved on February 3, 2025 for a partial default judgment, which the Texas state court granted on February 5, 2025.

Appreciation Financial's Chief Legal Officer received actual notice of the lawsuit on February 3, 2025, and on February 7, 2025 retained an attorney to represent Appreciation Financial. On February 13, 2025 Appreciation Financial filed an emergency motion to set aside the interlocutory partial default judgment ("motion to set aside"). It filed its state-court answer on February 17, 2025. On March 19, 2025 Appreciation Financial removed the case to this court based on diversity of citizenship.[3] Plaintiffs now move to remand on the ground, *inter alia*, that Appreciation Financial's notice of removal was untimely. Defendants oppose the motion, which the court is deciding on the briefs, without oral argument.

II

A

Under 28 U.S.C. § 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise,

---

[3]On April 9, 2025 Appreciation Financial filed a document indicating that Beam and ERC consented to removal.

of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. § 1446(b)(1). "The Supreme Court clarified this language in [*Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999)], holding the time for removal commences on formal service of process, '*not* by mere receipt of the complaint unattended by any formal service.'" *Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007) (quoting *Murphy Bros.*, 526 U.S. at 348). Section 1446(b)'s 30-day limit on removal is a procedural limitation. Nevertheless, it is mandatory and is to be strictly construed. *See Cervantez v. Bexar Cnty. Civil Serv. Comm'n*, 99 F.3d 730, 732 (5th Cir. 1996); 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3731, at 572 (4th ed. 2009). Although the 30-day limitation is a federal rule, in removed cases "the question whether the plaintiff has properly served the defendant is determined by reference to applicable state law." *Thevenet, v. Deutsche Bank Nat'l Tr. Co.*, 2017 WL 4475880, at *2 (N.D. Tex. Oct. 6, 2017) (Fitzwater, J.) (citing *Murphy Bros.*, 526 U.S. at 348); *see also City of Clarksdale v. BellSouth Telecomms., Inc.*, 428 F.3d 206, 210 (5th Cir. 2005) ("Although federal law requires the defendant to file a removal motion within thirty days of service, the term 'service of process' is defined by state law.").

B

Appreciation Financial contends that it was never properly served under Texas law. Tex. Civ. Prac. & Rem. Code Ann. § 17.045(a) provides that the documents served on the Secretary of State "shall contain a statement of the name and address of the nonresident's

*home or home office* and the secretary of state shall immediately mail a copy of the process to the nonresident at the address provided." (emphasis added).  Appreciation Financial maintains that, under Texas law, "home office" refers for jurisdictional purposes to the business' "principal office" or "principal place of business," D. Br. (ECF No. 9) at 8 (citing *Wachovia Bank of Del., N.A. v. Gilliam*, 215 S.W.3d 848, 851 (Tex. 2007), and that plaintiffs failed to provide the correct address for Appreciation Financial's home office.  This is so, according to Appreciation Financial, because, at the time plaintiffs filed this lawsuit in October 2024, Appreciation Financial's home office was located at 6145 South Rainbow Blvd. in Las Vegas, Nevada; instead of providing Appreciation Financial's Las Vegas address, plaintiffs provided the Texas Secretary of State with an *old address* for Appreciation Financial (2485 Village View Dr. #190, Henderson, Nevada).  Accordingly, Appreciation Financial posits that "[t]he service requirements under § 17.044(b) were not strictly complied with and failed to authorize the state court's jurisdiction over [Appreciation Financial]." *Id*. at 8-9.[4]

### III

The court considers, first, plaintiffs' contention that the 30-day time limit in § 1446(b) commenced on February 13, 2025, when Appreciation Financial filed the motion to set aside.

---

[4]Because doing so does not change the court's decision to remand this case, the court will assume *arguendo* that Appreciation Financial was not properly served under the Texas long-arm statute.  Plaintiffs do not respond in their reply to Appreciation Financial's contention that it was never properly served.

- 4 -

A

District courts in the Fifth Circuit—including this one—have uniformly held that "[s]ection 1446(b)'s thirty-day removal period for a defendant who [has] not been formally or properly served commence[s] to run on the date on which the defendant file[s] an answer in state court." *Esquivel v. LA Carrier*, 578 F.Supp.3d 841, 845 (W.D. Tex. 2022) (citing *Chambers v. Greentree Servicing, LLC*, 2015 WL 4716596, at *4 (N.D. Tex. July 17, 2015) (Horan, J.), *rec. adopted*, 2015 WL 4716596 (N.D. Tex. Aug. 7, 2015) (Lynn, J.); *George-Baunchand v. Wells Fargo Home Mortg., Inc.*, 2010 WL 5173004, at *3-4 (S.D. Tex. Dec. 14, 2010); *Cerda v. 2004-EQR1, LLC*, 2007 WL 2892000, at *3 (W.D. Tex. Oct. 1, 2007)); *see also Hawkins v. Wells Fargo Bank, N.A.*, 2022 WL 17834561, at *2 (N.D. Tex. Nov. 30, 2022) (Horan, J.), *rec adopted*, 2022 WL 17835061 (N.D. Tex. Dec. 19, 2022) (Lynn, J.); *Avila v. JPMorgan Chase Bank, N.A.*, 2015 WL 6438243, at *3 (N.D. Tex. Oct. 21, 2015) (Lindsay, J.) (holding that defendant's "filing of its answer in state court on March 23, 2015, constitutes a formal appearance, which has the same force and effect as if service of process had been performed in accordance with Texas law on that date. Thus, service on JPMC did not occur until March 23, 2015," and removal nine days later was timely. (citations omitted)). This is because "[a]n answer in a Texas state court has the same effect as if the defendant had been served as provided by law. Formal service starts the thirty-day removal clock. Therefore, a state-court answer has the effect of starting the removal clock." *Hawkins*, 2022 WL 17834561, at *2.

Similarly, when a defendant or its attorney enters an appearance in Texas state court,

the appearance has "the same force and effect as if the citation has been duly issued and served as provided by law." Tex. R. Civ. P. 120.  In other words, "a party's appearance in a lawsuit cures any defect in the method of serving that party." *Guardianship of Fairley*, 650 S.W.3d 372, 386 (Tex. 2022) (citing *Baker v. Monsanto Co.*, 111 S.W.3d 158, 161 (Tex. 2003)); *see also Avila*, 2015 WL 6438243, at *2 ("When a defendant files an answer in state court *or makes an appearance*, such answer or appearance dispenses with the necessity for formal service of process under Texas law." (emphasis added) (citation omitted)).  The court therefore holds, and the parties do not appear to dispute, that making a general appearance in Texas state court—even if by means other than filing a formal answer—has the same effect as if the defendant had been served as provided by law, and starts the 30-day removal clock.

B

Appreciation Financial filed the motion to set aside on February 13, 2025.  Plaintiffs contend that the motion to set aside, which sought affirmative relief from the Texas state court and contained a general denial of plaintiffs' allegations, constituted a general appearance and answer under Texas law and that "[t]herefore, Appreciation Financial is treated as being duly served at the very latest on February 13, 2025." Ps. Br. (ECF No. 4-1) at 15.

Appreciation Financial responds that the motion to set aside cannot be construed as a general appearance because it raised the issue of defective service, which is a jurisdictional challenge; it requested leave to file an answer or a responsive pleading and Appreciation

- 6 -

Financial "would not have filed an answer two business days later if it had intended its [motion to set aside] to be a general appearance including an answer and general denial," D. Br. (ECF No 9) at 16; and it did not contain language acknowledging that the lawsuit was properly pending, that would be it inconsistent with the argument that the state court lacked jurisdiction, or indicating that Appreciation Financial was ready to proceed to the merits of the case or obtain a ruling on the motion for new trial. In sum, it contends that

> [g]iven the substance of the [motion to set aside], the fact it was filed post-judgment, its lack of affirmative requests to proceed to the merits, its lack of acknowledgment that the lawsuit was properly pending, and the context of the entire record, the [motion to set aside] cannot be construed as a general appearance.

*Id.* at 18.

C

"Personal jurisdiction is composed of two elements: (1) the defendant must be amenable to the jurisdiction of the court, and (2) the plaintiff must validly invoke that jurisdiction by valid service of process on the defendant." *Guardianship of Fairley*, 650 S.W.3d at 380 (citing *Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 200 (Tex. 1985)). Establishing personal jurisdiction over a party requires "citation issued and served in a manner provided for by law." *In re E.R.*, 385 S.W.3d 552, 563 (Tex. 2012) (quoting *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990)). "However, unlike challenges to subject-matter jurisdiction, objections to personal jurisdiction generally can be waived, and a party may consent to the personal jurisdiction of a court." *Guardianship of Fairley*, 650 S.W.3d at 380

(citing *In re Fisher*, 433 S.W.3d 523, 532 (Tex. 2014)).

Tex. R. Civ. P. 120a provides a special appearance procedure by which a non-resident defendant can challenge a Texas court's jurisdiction "without voluntarily subjecting [itself] to the jurisdiction of the court or waiving any objections to the court's actions." *Conner v. ContiCarriers & Terminals, Inc.*, 944 S.W.2d 405, 409 (Tex. App. 1997, no writ). Rule 120a requires that "[s]uch special appearance shall be . . . filed prior to . . . any other plea, pleading or motion,"[5] and that any special appearance "shall be heard and determined before . . . any other plea or pleading may be heard." Tex. R. Civ. P. 120a. A party who does not strictly comply with both requirements waives its special appearance and consents to personal jurisdiction. Tex. R. Civ. P. 120a ("Every appearance, prior to judgment, not in compliance with this rule is a general appearance."); *Seeley v. Seeley*, 690 S.W.2d 626, 627-28 (Tex. App. 1985, no writ) ("An individual who challenges the court's jurisdiction by filing a special appearance must follow strictly the provisions of Rule 120a to avoid making a general appearance.").

In contrast, a party enters a general appearance and waives a special appearance "when it (1) invokes the judgment of the court on any question other than the court's jurisdiction, (2) recognizes by its acts that an action is properly pending, or (3) seeks affirmative action from the court." *Guardianship of Fairley*, 650 S.W.3d at 386 (citing *Exito Elecs. Co. v. Trejo*, 142 S.W.3d 302, 304 (Tex. 2004)). The test for whether a party has

---

[5]The Rule also permits other pleas, pleadings, and motions to be "contained in the same instrument or filed subsequent thereto." Tex. R. Civ. P. 120a.

made a general appearance is whether the party requests affirmative relief inconsistent with an assertion that the trial court lacks jurisdiction. *Dawson-Austin v. Austin*, 968 S.W.2d 319, 323 (Tex. 1998). "To determine whether a party has made a voluntary appearance, the nature and quality of the party's activities must be examined." *Smith v. Amarillo Hosp. Dist.*, 672 S.W.2d 615, 617 (Tex. App. 1984, no writ); *see also Schoendienst v. Haug*, 399 S.W.3d 313, 316 (Tex. App. 2013, no pet.) (in absence of written answer, whether defendant has "appeared" depends on nature and quality of its activities in case). This fact-specific analysis considers any written documents the defendant has filed in the case, any participation in hearings, and any other personal activity by the defendant. *Schoendienst*, 399 S.W.3d at 316-17.

D

"Texas courts have recommended 'that if a non-resident defendant discovers a default judgment was entered, [it] should file a special appearance and then a motion for new trial *subject to* [*the*] *special appearance*.'" *Glob. Paragon Dall., LLC v. SBM Realty, LLC*, 448 S.W.3d 607, 612 (Tex. App. 2014, no pet.) (citing *Puri v. Mansukhani*, 973 S.W.2d 701, 707 (Tex. App. 1998, no pet.)). Appreciation Financial did not follow this procedure; instead, it filed *only* a motion for new trial that was not made subject to a special appearance.[6]

---

[6]Appreciation Financial maintains that, even if the motion to set aside was defectively pleaded as a special appearance, it "could have amended the [motion] to provide the proper sworn verification, include the typical 'subject to' language, and restructure the motion to present concurrently a (1) special appearance on defective service and (2), in the alternative, a motion for new trial." D. Br. (ECF No. 9) at 18. The court disagrees. Although Rule 120a provides that a special appearance "may be amended to cure defects," the amendment must

> [A]ctions such as seeking a motion for new trial, when not made subject to a special appearance, have been held to constitute a general appearance [that] has the effect of being a general appearance for all matters from that point on—that is, after a motion for new trial has been ordered.

*Kaminetzky v. Newman*, 2011 WL 6938536, at *6 (Tex. App. Dec. 29, 2011, no pet.) (mem. op.).

In the motion itself, Appreciation Financial contends that it failed to respond "due to a lack of knowledge of this lawsuit," Notice of Removal Ex. 22 (ECF No. 1-3) at 1, but it does *not* argue that the court lacks personal jurisdiction over it. Nor does it seek dismissal based on a lack of personal jurisdiction. *See, e.g.*, *Uche v. Igwe*, 2012 WL 2785355, at *4 (Tex. App. July 10, 2012, no pet.) (mem. op.) ("[I]n this case, the only pleading filed was a motion for new trial based on numerous grounds . . . . Uche did not seek dismissal of the case based on lack of jurisdiction, but instead requested a new trial. We conclude Uche filed a motion for new trial, rather than a special appearance, and therefore entered a general appearance in the case.").[7]

---

be filed *before* the party makes a general appearance. *See Rodriguez v. Marcus*, 564 S.W.3d 216, 220 (Tex. App. 2018, no pet.) ("[T]he absence of verification can be cured by an amendment that adds a verification [but] an amendment to cure this defect must be filed *before* the party makes a general appearance."). Here, not only did Appreciation Financial *not* amend its motion in order to comply with Rule 120a, any attempt to do so would have been futile because the motion itself constituted a general appearance.

[7]Because objections to personal jurisdiction generally can be waived, a party can assert that it has not been properly served and yet fail at a more general level to challenge the exercise of personal jurisdiction over it.

Appreciation Financial also denies liability for the allegations set forth in plaintiffs' original petition and "asserts that it has a valid and meritorious defense." Not. of Removal Ex. 22 (ECF No. 1-3) at 5.  The "meritorious defense," however is not based on the trial court's lack of personal jurisdiction over it.  Instead, Appreciation Financial moves to set aside the default judgment based on "matters unrelated to the question of personal jurisdiction." *Williams v. Kaboomracks, Inc.*, 2024 WL 5126841, at *5 (Tex. App. Dec. 17, 2024, no pet.) (mem. op.).

In addition, the motion to set aside seeks affirmative relief—i.e., an order setting aside the default judgment and leave to file an answer or other responsive pleading—that is inconsistent with an assertion that the trial court lacks jurisdiction.  *Dawson-Austin*, 968 S.W.2d at 323; *see also Williams*, 2024 WL 5126841, at *5 (motion for new trial waived special appearance because it "sought affirmative relief the trial court could award only if it had jurisdiction.").  In other words, Appreciation Financial implicitly recognized by its motion "that an action was properly pending in the Texas court and sought affirmative action from that court."  *Grynberg v. M-I L.L.C.*, 398 S.W.3d 864, 879 (Tex. App. 2012, pet. denied) (citing cases).  Texas courts have consistently held that motions of this type constitute a general appearance.  *See, e.g.*, *Ontario Produce, LLC v. Whitlock*, 2021 WL 1045805, at *3 (Tex. App. Mar. 18, 2021, no pet.) (mem. op.) ("A motion for new trial is a general appearance." (citing cases)); *Glob. Paragon Dall., LLC*, 448 S.W.3d at 613 ("[A] motion for new trial is an acknowledgment of the court's jurisdiction and a request to invoke the court's authority."); *Grynberg*, 398 S.W.3d at 879 ("[W]e conclude that the filing of

- 11 -

Jack's motion for new trial constituted a general appearance."); *Boyo v. Boyo*, 196 S.W.3d 409, 418 (Tex. App. 2006, no pet.) ("When a party asks a court to set aside a judgment, that request is treated generally as a submission to the jurisdiction of the courts of this State."); *Anderson v. Anderson*, 786 S.W.2d 79, 81 (Tex. App. 1990, no writ) ("A motion for new trial seeks to invoke the authority of the court, while the special appearance necessarily challenges that same authority.").

The court holds that Appreciation Financial's February 13, 2025 motion to set aside constituted a general appearance that "ha[d] the effect of starting the removal clock." *Hawkins*, 2022 WL 17834561, at *2. Appreciation Financial's notice of removal, filed 34 days later on March 19, 2025, was therefore untimely. Plaintiffs' motion to remand must be granted.[8]

IV

Plaintiffs also move for an award of attorney's fees on the ground that Appreciation Financial's removal was "meritless."

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.

---

[8]Because the court is remanding the case on the basis that removal was untimely, it declines to address the various alleged pleading defects in Appreciation Financial's notice of removal, including that Appreciation Financial has not adequately pleaded complete diversity of citizenship.

Conversely, when an objectively reasonable basis exists, fees should be denied." *In re Enable Commerce, Inc.*, 256 F.R.D. 527, 533 n.14 (N.D. Tex. 2009) (Fitzwater, C.J.) (quoting *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005)).  Plaintiffs have not demonstrated that Appreciation Financial lacked an objectively reasonable basis for seeking removal.  They argue only that "[a]s a result of filing this meritless removal, Plaintiffs have been required to expend needless attorneys' fees."  Ps. Br. (ECF No. 4-1) at 18.  Because plaintiffs have not shown by their conclusory request that Appreciation Financial's removal was objectively unreasonable, the court denies it.  *See, e.g.*, *In re Enable Commerce*, 256 F.R.D. at 533 n.14.

\* \* \*

For the reasons explained, the court grants plaintiffs' motion to remand and remands this case to the 134th Judicial District Court of Dallas County, Texas.  The clerk of court shall effect the remand in accordance with the usual procedure.

**SO ORDERED**.

July 2, 2025.

                                            SIDNEY A. FITZWATER
                                            SENIOR JUDGE